IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDRICK STEVENS. | § | |
| | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | Jury Demand |
| | § | |
| | § | |
| BFI WASTE SERVICES OF TEXAS | § | |
| LP., d/b/a ALLIED WASTE | § | |
| SERVICES OF HOUSTON | § | |
| and  ALLIED WASTE  SERVICES | § | |
| OF CONROE/ | § | |
| REPUBLIC SERVICES, Inc. | § | |
| OF HOUSTON | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Kendrick Stevens., hereinafter called Plaintiff, complaining of and about BFI Waste Management Services of Texas, LP., d/b/a Allied Waste Service of Houston and Allied Waste Services of Conroe and Republic Services, Inc. of Houston hereinafter called "Republic", and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

2.      Plaintiff, Kendrick Stevens is an individual who resides in Harris County Texas.

3.      Defendant, Republic Services Inc.  may be served through its

registered agent, CT Corporation Systems 1999 Bryan Street, Suite 900 Dallas, Texas 75201-3136. Defendant, BFI may be served through its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900 Dallas, Texas 75201-3136.

.

## JURISDICTION AND VENUE

4.  Jurisdiction is invoked pursuant to 28 U.S.C. §§1331 because Plaintiff's claims arise under federal law.

5.  Venue is proper in the Southern District of Texas Pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

6.  All conditions precedent to filing this lawsuit has been met.

## NATURE OF ACTION

7. This is a federal law based race discrimination and retaliation case filed under 42 U.S.C. §1981 to correct unlawful employment practices on the basis of race discrimination, hostile working environment and retaliation. Plaintiff request a jury.

## FACTS

8.  On or about April 4, 2011, Kendrick Stevens began working as a Truck Driver for Republic Services.  Kendrick Stevens worked for Republic

Services for a total of two years and one year without an accident.  Kendrick Stevens was subjected to race discrimination and a racially hostile working environment. Black truck drivers were treated differently and less favorable than non-blacks. Blacks were given workloads in grubby areas, their compactors were in the more dangerous, high risk accident prone environments. While the non-black driver were given the clean and pristine areas. Kendrick Stevens made complaints and his were made to Human Resources, Mark Flower. HR said they would get with the General Manager, Steve Nichols and supervisor, Mr. Alan to discuss the route issues. The complaints were ignored.  Black drivers continued to be at a high risk factor for an accident.

9.     One day when  Stevens called the dispatcher to report his need for the day off, since Stevens was working everyday of the week. His calls to report his need for the day off were not answered, and text messages were ignored. Stevens complied with company policy, management clearly got his message and yet Stevens was written up, for an alleged "no call no show" when clearly Stevens called, texted  and left voice messages.

10.     Inconsistent with Republic's policy, when Stevens was involved in a minor accident with $100 or less property damage management suspended him for three days without pay. Non-blacks were not suspended for minor

accidents. In Republic's 2012, progressive disciplinary policy required a warning not suspension for such an infraction in a twelve month cycle. Kendrick Stevens participated in a disciplinary hearing. The review board hearing under Republic's policy should consist of:  Stevens' immediate supervisor, department supervisor, the driver and a mechanic. A different review board participated in Steven's purported hearing.

11.     After months of accident free driving, the alleged "no show no call" disciplinary write up was to be removed from Kendrick Steven's personnel file, per company policy. Management, however, did not remove the discipline from his file as is required under policy.

12.      On April 22, 2013, Stevens reported to work and was informed he was suspended without ever having an opportunity to participate in a "disciplinary hearing" pertaining to his employment status. Alan Fowler, sought to have Stevens terminated.

13.      On May 16, 2013 Stevens' truck was stuck in mud. A Republic bull dozer offered to push him out. Stevens cleared the mud and inspected the truck for any damages as required by Republic's Drivers Study guide also to ensure all lights were properly working. Stevens' inspection of the vehicle revealed a rear license plate light was broken, Stevens saw no other damage. Management claimed there was other damage which did not exist.

14.     On May 30, 2013, Kendrick Stevens was discharged by Alan Fowler and Curtis the Operations Manager. They informed Stevens they had a hearing (without Stevens being present) and concluded the alleged accident was preventable. The company did not follow its progressive discipline policy in their handling of Steven's termination. He was told that he was being discharged because of a preventable accident.

Stevens believe he has been discriminated against because of his race, Black and retaliated against for his complaints regarding black driver's work conditions, pay, hours, in violation of 42 U.S. C. §1981.

## DAMAGES

15.     Plaintiff sustained the following damages as a result of the actions and omissions of Defendant described herein above:

> a.     Compensatory damages, actual damages, including front pay;
>
> b.     All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff, Kendrick Stevens including all fees necessary fees in the event of an appeal of this cause;
>
> c.     Back pay from the date that Plaintiff was discharged and interest on the back pay interest and an amount to compensate Plaintiff as the Court deems equitable and just as provided under Section 1981;

d.     All reasonable and necessary costs Kendrick Stevens incurred in pursuit of this suit;

e.     Mental anguish and emotional pain and suffering;

f.     Court cost, litigation expenses and expert fees as the Court deems appropriate;

g.     Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h.     Inconvenience;

i.     Pre and Post judgment interest;

j.     Mental anguish in the past;

k.     Mental anguish in the future;

l.     Reasonable medical care and expenses in the past. These expenses were Kendrick incurred by Plaintiff and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

m.     Reasonable and necessary medical care and expenses which will all reasonable probability be incurred in the future;

n.     Loss of earnings in the past;

o.     Loss of earning capacity which Stevens will in  all probability, suffer in the future;

p.     Loss of benefits;

q.     Humiliation;

r.     Physical discomfort;

## EXEMPLARY DAMAGES

16.    Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless Kendrick Stevens's indifference to the protected rights of the Plaintiff.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages..

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff,   Kendrick Stevens. respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; compensatory damages, actual damages, mental anguish, attorney fee's, exemplary damages, including costs and fees, interest, and as allowed by law and 42 U.S. C. § 1981, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be justly entitled at law or equity.

Respectfully submitted,

_____

/s/ *Debra V. Jennings*

---

By:  Debra V. Jennings
Fed ID 14373

Texas Bar No.10631850
6140 HWY 6,  #259
Missouri , Texas  77459
Tel. (832) 230-4455
Fax.(1-832) 442-3700
*lawyerdvj@gmail.com*
Attorney for Kendrick Stevens